IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| ROY ENRIQUEZ | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | DOCKET NO. 7:24-CV-00149 |
| | § | JURY DEMANDED |
| TRINITY ENVIRONMENTAL | § | Collective Action pursuant to |
| MANAGEMENT, LLC, and SELECT | § | 29 U.S.C. § 216(b) |
| WATER SOLUTIONS, INC. | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Roy Enriquez ("Enriquez" or "Plaintiff"), on behalf of himself and all others similarly situated, files this Complaint against Defendants Trinity Environmental Management, LLC and Select Water Solutions, Inc. (collectively referred to as "Defendants"), and respectfully shows as follows:

### I.     SUMMARY

1.     This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA") seeking damages for Defendants' failure to pay Plaintiff and one-half the regular rate of pay for all hours worked over forty during each workweek. Defendants misclassified Plaintiff as exempt from overtime and only paid him a salary, despite Plaintiff regularly working more than forty (40) hours in a given work week.

2.     Pursuant to 29 U.S.C. § 216(b), Plaintiff files this lawsuit individually and on behalf of all similarly situated current and former employees who work/worked for Defendants on an hourly basis who, like Plaintiff, have not been/were not paid one-half their respective rates of pay

for all hours worked over forty in each workweek for the time period of three years preceding the filing date of this lawsuit and forward (the "Collective Action Members").

3.      Plaintiff and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees and costs, and pre- and post-judgment interest.

## II.    PARTIES

4.      Plaintiff Roy Enriquez is an individual residing at 3452 County Road B3300, Lenorah, Texas 79749.

5.      Defendant Trinity Environmental Management, LLC ("Trinity") is a Texas limited liability corporation with a principal place of business at 707 Tradewinds Boulevard, Suite A, Midland, Texas 79706, and may be served with process through its registered agent, Trinity Acquisition, LLC, 6300 Bridge Point Parkway, Building 2, Suite 210, Austin, Texas 78730.

6.      Defendant Select Water Solutions, Inc. ("Select") is a Delaware corporation with a principal place of business at 1233 West Loop South, Suite 1400, Houston, Texas 77027, and may be served with process through its registered agent, Capitol Corporate Services, Inc., 108 Lakeland Avenue, Dover, Delaware 19901.

7.      At all times relevant to this lawsuit, Defendants have done, and continue to do, business in the State of Texas.

8.      At all times relevant to this lawsuit, Plaintiff was Defendants' employee within the meaning of the FLSA. 29 U.S.C. § 203(e)(1).

9.      At all times relevant to this lawsuit, Defendants are and have been an "enterprise engaged in commerce" as defined by the FLSA. 29 U.S.C. § 203(r).

10.    At all times relevant to this lawsuit, Defendant employs and continues to employ two or more employees.

11.    At all times relevant to this lawsuit, Defendants were joint employers of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

12.    At all times relevant to this lawsuit, Defendants employed two or more employees who engaged in commerce or in the production of goods for commerce and/or who regularly handled, sold or otherwise worked on goods and/or materials that were moved in and/or produced for commerce. 29 U.S.C. § 203(s)(1).

13.    At all times relevant to this lawsuit, Defendants had annual gross sales or business volume in excess of $500,000.

## III.    JURISDICTION AND VENUE

14.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

15.    The United States District Court for the Western District of Texas has personal jurisdiction over Defendants because Defendants do business in Texas and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Texas and in this District.

16.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this District and Division and because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

## IV.    FACTS

17.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

18.     Plaintiff worked for Defendants in the oilfield as a Construction Foreman/Field Operator/Pumper from August 2022 until May 14, 2024, performing manual labor job duties and preparing crews for jobs to provide Defendants' services to clients. Like Plaintiff, the Collective Action Members are/were also responsible for performing manual or technical labor to provide Defendants' services for clients.

19.     Despite his title of Construction Foreman, Plaintiff performed manual labor and did not have supervisory duties.

20.     Defendant Trinity provides oilfield waste services to the oil and gas industry throughout the State of Texas.

21.     Defendant Select provides water services to the oil and gas industry throughout the State of Texas.

22.     Defendants share some common ownership because Trinity was purchased by Select in April 2024. Upon information and belief, as part of the sale, Select acquired all of Defendant Trinity's employees, materials, supplies, equipment, merchandise or other inventory.

23.     Upon information and belief, a substantial portion of the business enterprise that had been conducted by Trinity was continued by Select, including Trinity's pay practices relating to Plaintiff, and Trinity still appeared on Plaintiff's paystubs.

24.     Select is a continuation of Trinity and is therefore liable under the doctrine of successor liability.

25.     Throughout their employment, Defendants classified Plaintiff and the putative Collective Action Members as exempt employees to avoid paying them overtime wages. Plaintiff and the putative Collective Action Members' primary duties were not office or non-manual work,

they did not perform supervisory functions, and they did not have authority to hire or fire employees.

26.    Throughout their employment, Defendants paid Plaintiff and the putative Collective Action Members a salary and did not pay them overtime in each workweek that Plaintiff and the putative Collective Action Members worked more than 40 hours.

27.    At all times relevant to this lawsuit, Defendants uniformly dictated the pay and other employment practices Defendants applied to Plaintiff and the putative Collective Action Members.

28.    At all times relevant to this lawsuit, Defendants jointly employed Plaintiff and the putative Collective Action Members.

29.    As a result of Defendants' uniform salary pay structure and in violation of the FLSA, Plaintiff and the putative Collective Action Members did not receive overtime compensation when they worked more than 40 hours in a workweek. 29 U.S.C. § 207(a), (e).

## V.    CLAIMS FOR RELIEF

**Count 1 – FLSA Collective Action**

30.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

31.    Plaintiff seeks to bring claims under the FLSA, pursuant to 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

all current and/or former non-exempt Construction Foremen/Field Operators/Pumpers of Defendants who: (a) are/were paid a salary; (b) perform/performed manual or technical labor; and (c) work/worked more than forty hours in any workweek and were not paid overtime wages for all hours worked.

32.    Plaintiff has personal knowledge that other putative Collective Action Members were to be paid pursuant to the same pay structure.

33.     The putative Collective Action Members are similarly situated to Plaintiff and to one another, within the meaning of Section 216(b) of the FLSA.

34.     The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA. Defendants' failure to pay overtime wages results from generally applicable policies or practices and does not depend on the personal circumstances of the putative Collective Action Members.

35.     The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

36.     Although the exact amount of damages may vary amongst the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

37.     Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

38.     Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

**Count 2 – Violation of the FLSA**

39.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

40.     All conditions precedent to this suit, if any, have been fulfilled.

41.     At all relevant times, Defendants have been Plaintiff and the putative Collective Action Members' employer under the FLSA and are engaged in commerce under the FLSA.

42.    Plaintiff and the putative Collective Action Members are not exempt from overtime under the FLSA and were paid a salary.

43.    Plaintiff and the putative Collective Action Members regularly worked more than forty hours per workweek for Defendants but wer not paid time and one-half his regular rate of pay for all hours over forty, as required by FLSA, because Defendants misclassified Plaintiff and the putative Collective Action Members as exempt from overtime pay. 29 U.S.C. § 207(a).

44.    Accordingly, Plaintiff and the putative Collective Action Members are entitled to overtime wages under the FLSA in an amount equal to one and a half times their regular rates of pay, plus liquidated damages, attorney's fees, and costs. 29 U.S.C. § 216(b).

## VI.    JURY DEMAND

45.    Plaintiff demands a jury trial on behalf of himself and the putative Collective Action Members on all issues.

## VII.    DAMAGES AND PRAYER

46.    For these reasons, Plaintiff asks that the Court issue summons for Defendants to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded judgment against Defendants for the following:

a.    An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

b.    All damages allowed by the FLSA, including back wages, liquidated damages in the amount equal to FLSA-mandated back wages, attorneys' fees, costs, and expenses, and pre- and post-judgment interest; and

c.    All other relief as the Court deems just and proper.


Respectfully submitted,

By: */s/ Fernando M. Bustos*
        Fernando M. Bustos; SBN: 24001819

fbustos@bustoslawfirm.com
Matthew N. Zimmerman; SBN: 24100386
mzimmerman@butsoslawfirm.com
Brandon C. Callahan; SBN: 24096175
bcallahan@bustoslawfirm.com
Benjamin E. Casey; SBN: 24137943
bcasey@bustoslawfirm.com

BUSTOS LAW FIRM, P.C.
P.O. Box 1980
Lubbock, Texas 79408-1980
(806) 780-3976
(806) 780-3800 FAX

ATTORNEYS FOR PLAINTIFF
ROY ENRIQUEZ AND THE
COLLECTIVE ACTION MEMBERS